UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Harvey Preston,

                Petitioner,    Case No. 21-11256

v.                                   Judith E. Levy
                                       United States District Judge

Les Parish,

                Respondent.

_____/

**ORDER TRANSFERRING SUCCESSIVE HABEAS PETITION TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

Before the Court is Michigan inmate Harvey Preston's *fourth* petition for a writ of habeas corpus under 28 U.S.C. §2254 challenging his state-court convictions. Petitioner requires authorization from the court of appeals before filing a successive habeas petition. *See* 28 U.S.C. § 2244(b)(3). The case will therefore be transferred to the Sixth Circuit. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

I. BACKGROUND

Petitioner is serving a lengthy prison sentence as a result of his 2010 Oakland Circuit Court convictions for carjacking, first-degree home

invasion, unarmed robbery, and second-degree criminal sexual conduct. The convictions were affirmed on appeal. *See People v. Preston*, No. 298796, 2012 WL 5853223 (Mich. Ct. App. Oct. 30, 2012), leave denied, 829 N.W.2d 225 (Mich. 2013).

Petitioner has three prior federal habeas cases challenging his convictions. His first petition was denied on the merits. *See Preston v. Gidley*, No. 14-10606, 2017 WL 4572336 (E.D. Mich. Oct. 12, 2017), certificate of appealability denied, *Preston v. Smith*, No. 17-2389, 2018 WL 2222599 (6th Cir. Apr. 25, 2018), cert. den., 139 S. Ct. 431 (2018). A motion for reconsideration raising new substantive claims was transferred to the Sixth Circuit as a successive habeas petition. *See Preston v. Gidley*, No. 14-10606, ECF No. 49 (E.D. Mich. July 24, 2018). The Sixth Circuit denied authorization to a file a successive habeas petition. *See In re Preston*, No. 18-1847 (6th Cir. Nov. 26, 2018).

Petitioner filed a second federal habeas petition with this Court on May 26, 2020. The case was transferred to the Sixth Circuit. *See Preston v. Parish*, No. 20-11670, 2020 U.S. Dist. LEXIS 120741 (E.D. Mich. July 8, 2020). The Sixth Circuit again denied Petitioner authorization to a file

a successive habeas petition. *See In re Preston*, No. 20-1641 (6th Cir. Dec. 8, 2020).

Petitioner filed his third habeas petition with this Court on December 14, 2020. The case was again transferred, s*ee Preston v. Davids*, No. 20-13398, 2021 WL 640919 (E.D. Mich. January 14, 2021), and permission to proceed was again denied. *See In re Preston*, No. 21-1071 (6th Cir. May 12, 2021.)

The present case is Petitioner's fourth federal habeas petition challenging his state-court convictions.

## II. DISCUSSION

As before, the Court does not have jurisdiction to entertain a successive habeas petition absent authorization from the court of appeals. *See Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)). An individual seeking to file a successive habeas petition must first ask the appropriate court of appeals for an order of authorization to file a successive petition. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Felker v. Turpin*, 518 U.S. 651, 664 (1996). When a habeas petitioner files a successive petition for habeas corpus relief directly in the district court without first obtaining authorization under §

3

2244(b)(3)(A), the district court must transfer the case to the court of appeals. *See Sims*, 111 F.3d at 47; 28 U.S.C. § 1631.

### III. CONCLUSION

Accordingly, it is ordered that the Clerk shall transfer the petition to the United States Court of Appeals for the Sixth Circuit.

**IT IS SO ORDERED.**

Dated: June 15, 2021       s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
     United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 15, 2021.

     s/William Barkholz
     Case Manager